DEMASI, Appellant,

v.

CINCINNATI CIVIL SERVICE COMMISSION, Appellee.

[Cite as *Demasi v. Cincinnati Civ. Serv. Comm.* (1991), 75 Ohio App.3d 447.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900494.

Decided Aug. 7, 1991.

*John Rockel,* for appellant.

*Fay D. Dupuis,* Acting City Solicitor, *Julie F. Bissinger* and *Mark Vollman,* for appellee.

---

*Per Curiam.*

On March 24, 1989, the plaintiff-appellant, Vincent L. Demasi, filed a complaint against the defendant-appellee, the Cincinnati Civil Service Commission, alleging that the defendant had violated the Equal Protection Clause when it refused to give the plaintiff the seniority credit granted to other officers for time served as a police cadet. The defendant answered the complaint on April 21, 1989, and moved for summary judgment on March 7, 1990, which the plaintiff opposed. The court granted summary judgment to the defendant on June 12, 1990.

In his sole assignment of error, the plaintiff asserts that the trial court erred in granting summary judgment to the defendant. We find this assignment to be well taken.

The plaintiff was hired as a police cadet for the city of Cincinnati on August 17, 1975. He was laid off on October 2, 1976. In 1979, the plaintiff took the Cincinnati Police Recruit Examination, which he passed. The defendant did not grant the plaintiff seniority credit for time served as a police cadet or for the period he was laid off.

On December 10, 1988, the plaintiff took the police promotional examination for sergeant. He received a score of 95.95, which placed him twenty-sixth on the promotional list. The plaintiff claims that the examination book contained the statement "Layoff time is not counted, but cadet time is."

On February 23, 1989, the plaintiff appeared before the defendant, requesting seniority service credit for his time served as a cadet, as well as for his layoff. The request was denied.

In his single assigned error, the plaintiff argues that the defendant should not have been granted summary judgment because once the plaintiff alleged violations of the Equal Protection Clause, the burden shifted to the defendant to present evidence to rebut the constitutional claim and show that it was entitled to judgment as a matter of law. The defendant argues that under Civil Service Rule XI, Section 5(C)(1), the plaintiff was not entitled to seniority credit for his time served as a cadet.

However, the plaintiff alleged in his complaint that other officers were given credit for cadet time and that the rule was applied arbitrarily.

Before a court may grant summary judgment, it must determine that no genuine issue of material fact remains to be litigated, that after viewing all the evidence in a light most favorable to the nonmoving party, reasonable minds can only conclude in favor of the movant and that the movant is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. As stated previously, the plaintiff alleged in his complaint that the defendant violated the Equal Protection Clause when it granted some police officers seniority credit for time served as police cadets while denying the same credit to others, including the plaintiff. Our review of the record indicates that the defendant has made no showing, as provided under Civ.R. 56(C), to rebut that assertion. The defendant argues only that its rule was properly applied to the plaintiff.

We conclude, therefore, that an issue of material fact remains to be litigated and that the defendant is not entitled to judgment as a matter of law. The judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.